**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4832**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICKY LAVELL HORNE,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:05-cr-00052-RBH)

---

Submitted: July 25, 2006            Decided: July 31, 2006

---

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pursuant to a plea agreement, Ricky Lavell Horne pled guilty to two counts of armed bank robbery, 18 U.S.C. § 2113, 2 (2000), and brandishing a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii), 2 (2000). The district court sentenced Horne to concurrent sixty-three-month sentences for the § 2113 violations and a consecutive seven-year sentence for the § 924 violation. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but suggesting that the district court erred during the Fed. R. Crim. P. 11 plea colloquy.

Because Horne did not seek to withdraw his guilty plea, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525-27 (4th Cir. 2002). The plea hearing transcript reveals that the district court conducted a thorough Rule 11 colloquy that assured Horne's plea was made both knowingly and voluntarily. See United States v. DeFusco, 949 F.2d 114, 117, 120 (4th Cir. 1991). Accordingly, we conclude Horne's guilty plea was properly accepted by the district court.

On appeal, Horne filed a pro se request, pursuant to U.S. Sentencing Guidelines Manual § 5K1.1 (2004), for a substantial assistance downward departure to be applied to his sentence; the request was construed as a pro se supplemental brief. At the sentencing hearing, counsel raised the possibility of a downward

- 2 -

departure. However, counsel did not formally move for a downward departure, and the district court did not state on the record that it considered granting one. To the extent that the claim is properly before this court, we conclude that no departure was warranted. The Government was not obligated under the plea agreement to file such a motion, United States v. Snow, 234 F.3d 187, 190 (4th Cir. 2000), and there is no indication that it refused to make the motion based on an unconstitutional motive such as race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992). Our review of the sentencing transcript reveals that, while Horne intended to assist the authorities, he never provided information that assisted a prosecution.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Horne, in writing, of the right to petition the Supreme Court of the United States for further review. If Horne requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Horne. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED